UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THEODORE COLE,                                          CASE NO.  1:16-CV-3363

                                  Plaintiff,            **COMPLAINT**

           -against-                                    **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER JAMES BERK and
JOHN DOE # 1-9 (the names John Doe
being fictitious, as the true names are
presently unknown) and ADAs JOHN, JANE/DOE
(the names John/Jane Doe being fictitious, as the
true names are presently unknown).

                                  Defendants.
-----------------------------------------------------------------x

           Plaintiff, by his attorney LESLIE JONES THOMAS, Esq., complaining of the

defendants herein, the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,

John Doe and John/Jane Doe of the Kings County District Attorney's office (collectively,

"Defendants"), respectfully allege as follows:

## NATURE OF ACTION

           1.  This is an action at law to redress the deprivation of rights secured to the

Plaintiff under color of statute, ordinance, regulation, custom and/or to redress the deprivation of

rights, privileges and immunities secured to the Plaintiff by the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and

§1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Subject matter jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(a)(3), 28 U.S.C. § 42 U.S.C. §§ 1981, 1983, 1985, 1988 and the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution *and* pursuant to Article 1, §§ 1, 6, 11 and 12 of the Constitution of the State of New York. The amount in controversy exceeds $10,000.00.

3. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the state law that are so related to claims in this action within the original jurisdiction of this Court and that form part of the same case or controversy.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) because the Defendant does business and is located within the Eastern District of New York and because all or a substantial part of the acts or omissions giving rise to plaintiffs' claims occurred within the Eastern District of New York.

## PRELIMINARY STATEMENT

5. This is a civil rights action against the City of New York ("City") based on and arising out of the wrongful acts and omissions of the New York City Police Department ("Police Department or NYPD") and the Kings County District Attorney's Office ("District Attorney's

2

Office or Brooklyn DA") and certain employees and agents of these offices and against named

individual employees and agents of these offices, and against named individual employees and

agents of these offices, in which the plaintiff seeks relief for the violation of his rights secured by

the Civil Rights Act of 1866 and 1871, 42 U.S.C. Sections 1981, 1983 and 1985, of his rights

secured by the First, Fourth, Sixth, Ninth and Fourteenth Amendments to the United States

Constitution, and of his rights under the laws and Constitution of the State of New York.

6. Plaintiff seeks damages, both compensatory and punitive, an award of costs

and attorneys' fees, and such other and further relief as this court deems just and proper, for

having been unlawfully arrested and prosecuted for a crime(s) that plaintiff did not commit.

7. The grounds for this action arise out of wrongful, unlawful and improper acts

of these defendants, including without limitation, falsely believing the excuses and statements of

the arresting officers who attacked the plaintiff in his own driveway, wrestled him to ground

causing him extreme emotional distress and pain and subjecting him to false arrest, wrongful

confinement and malicious prosecution.

## PARTIES

7. Plaintiff, THEODORE COLE, hereinafter ("plaintiff" or "MR. COLE") an

African American male of Trinidadian descent, age 22, at the time of the incident reported,

herein resides in the County of Kings, State of New York, and is a citizen of the United States.

At all relevant times Plaintiff was employed as an apprentice union member of Metallurgist,

Local 46 in the City of New York.

8. At all times hereinafter mentioned defendant CITY OF NEW YORK was a

municipal corporation organized and existing under and by virtue of the laws of the State of New

3

York.  Under the Charter of the City of New York, the City is responsible for the conduct of

municipal agencies such as the New York City Police Department hereinafter ("NYPD or Police

Department") and the Kings County District Attorney's Office hereinafter ("District Attorney's

Office or Brooklyn DA").

9.  At all times hereinafter mentioned the NEW YORK CITY POLICE

DEPARTMENT was, and is a municipal agency of the CITY OF NEW YORK and was charged

with the responsibility of enhancing the quality of life in New York City by working in

accordance with constitutional rights to enforce the law.

10.  Defendant FORMER OR CURRENT NEW YORK CITY POLICE

OFFICER JAMES BERK was at all times relevant herein an officer, employee and agent of the

NEW YORK CITY POLICE DEPARTMENT.  He is sued in his individual and official capacity.

11.  The CITY OF NEW YORK was also, at all times relevant herein, authorized

to act through the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE in regard to

investigation, evaluation and prosecution of alleged criminal conduct within the County and City

of New York.

12.  The KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, a/k/a

("BROOKLYN DA") was at all times relevant herein a municipal entity created and authorized

under the laws of the State of New York to investigate and prosecute criminal conduct within the

County and City of New York.

13.  Although not a named party, KINGS COUNTY DISTRICT ATTORNEY

KENNETH THOMPSON, was at all times relevant herein the District Attorney of the County of

Kings, responsible for, and the chief architect of, the policies, practices and customs of the

4

KINGS COUNTY DISTRICT ATTORNEY'S OFFICE, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the assistant district attorneys who work(ed) in his office.

14. Defendants FORMER and CURRENT ASSISTANT DISTRICT ATTORNEYS JANE/JOHN DOE were at all times relevant herein, officers, employees and agents of the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE. They are sued in their individual capacities

15. At all times relevant herein, the individual defendants and those other persons were acting under color of state law in the course and scope of their duties an functions as agents, servants, employees and officers of either the NEW YORK CITY POLICE DEPARTMENT or the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

### ADMINISTRATIVE PROCEEDINGS

16. On March 23, 2015, within ninety days after the claims arose, plaintiff caused a Notice of Claim, in proper form, to be duly filed with the Comptroller's Office and 30 days has passed and the claim has not been paid or adjusted. This action is brought within one year and ninety (90) days limitation of time applicable to state law claims against the City of New York.

### STATEMENT OF CLAIM

17. Upon information and belief, the source of which is conversations with the plaintiff herein and review of court documents, on October 1, 2014 at approximately 3:00 a.m. at location of Foster Avenue and East 45th Street in the City of New York, County of Kings and

5

State of New York plaintiff was in his driveway exiting his Mother's BMW X5 getting ready to charge the battery of his disabled vehicle, a 2001 Volkswagan Passat.

18. On October 1, 2014 at approximately 3:10 a.m., defendant police officers, JAMES BERK and JOHN DOE, acting in concert and without probable cause, arrested Theodore Cole in the rear driveway of his home, which was located at 4518 Foster Avenue, Brooklyn, New York. Those two members of the NYPD approached, assaulted and forcibly wrestled the Plaintiff to the ground for no reason. Those two officers placed Mr. Cole in a chokehold, wrestled him to the ground and restrained him for over ten (10) minutes, until back up police officers responded.

19. A review of the criminal court complaint indicates that Police Officer James Berk informed Stacy Myers, a paralegal of the Kings County District Attorney's office that on or about October 1, 2014 at approximately 3:10 A.M. at Foster Avenue and East 45th Street that he observed the Plaintiff driving a 2003 gray Suburban, NY License Plate FKB5307 and that said vehicle went through a number of steady red lights almost colliding with another vehicle. As a result of the defendant police officer's false allegations, Theodore Cole was charged with violations of Penal Law Sections 205.30 (Resisting Arrest) and 240.20 (Disorderly Conduct) and Vehicle & Traffic Law Sections 1113(A) Failure to Obey Traffic Control Signal and 1212 (Reckless Driving).

20. The police officer(s) falsely alleged that the Plaintiff's vehicle was stopped by them, that the Plaintiff exited said vehicle and refused to re-enter said vehicle when instructed to do so by P.O. Berk. P.O. Berk falsely alleged that when he approached the Plaintiff, that the Plaintiff pushed and punched him and another police officer, struggled with the police officers

6

and refused to be handcuffed.  Police Officer Berk and other police officers then detained and arrested the Plaintiff, took him to the 67th precinct and confined him in a jail cell.

21.  Mr. Cole emphatically denies the allegations levied against him by the defendant police officers.  At no time did these police officers ever stop Mr. Cole's vehicle.  At no time did Mr. Cole ever drive past any steady red lights and/or stop signs.  In addition, at no time did these officer issue any traffic citations or request that the Plaintiff provide them with his license and/or registration.

22.  The Plaintiff did not commit any crime or offense against the laws of New York City and/or New York State for which any arrest may be lawfully made.  Prior to the Plaintiff's arrest, the defendant police officers drove into the private driveway, reserved for residents of the apartment complex, without any warrant and proceeded to unlawfully seize the Plaintiff, perform a series of warrantless search of the Plaintiff's vehicles.

23.  Even though the defendant officers did not recover any contraband from their warrantless search of the Plaintiff's vehicles, defendant officers nonetheless physically wrestled and restrained Mr. Cole, tightly handcuffed the plaintiff and transported him to the NYPD-67th precinct for arrest processing.  At no time, from the time of his seizure, his detention at the 67th precinct was Mr. Cole ever advised of the infraction(s), offense(s) or crimes that he may have allegedly committed and eventually charged with.

24.  The Plaintiff respectfully alleges that each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein, knew and was fully aware that the seizure, searches were illegal and that the Plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene

to prevent the harm detailed above from occurring.

25. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene. As a result of the aforesaid actions by the defendant officers, Plaintiff Theodore Cole, suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

26. When Mr. Cole was taken to the 67th precinct, he was examined by a member of the FDNY EMS unit due to his complaints of pain to his back, neck and shoulder. Said injuries were sustained as a result of the illegal choke hold employed by the arresting officers, as well as their collective restraint of the plaintiff by sitting atop of his back, shoulder and neck, while he was handcuffed and lying prone of the driveway pavement. The plaintiff was illegally detained for at least seven (7) hours prior to his being transported to Brooklyn Central Booking.

27. After Mr. Cole was released on is own recognizance from custody, Mr. Cole immediately sought treatment at Methodist Hospital in Park Slope, Brooklyn, NY. Mr. Cole was x-rayed and underwent a MRI scan. Mr. Cole's treating physician(s) prescribed medications, including Motrin and Flexeril, to arrest the physical injuries visited upon him by these rogue defendant police officers. Mr. Cole was instructed by those physicians to stay home from work for at least two (2) weeks. However, due to the effects of the medication prescribed by his physician, Mr. Cole was actually unable to work for a period of at least two (2) months. Mr. Cole's work activities require physical labor and attention to detail, which plaintiff's abilities to perform said functions were hampered by the physical injuries to his body and the effects of said

medications.

28.   On November 19, 2014, the Plaintiff appeared in Brooklyn Criminal Court, Part AP-5.  The People answered not ready, stating that they did not have a corroborating affidavit from Police Officer James Berk.  The People offered Mr. Cole a plea to a disorderly conduct, time served in jail and two (2) days community service.  Mr. Cole declines daid offer and the case was adjourned for the People's filing of said affidavit.  On January 21, 2015, the case was calendared in Brooklyn Criminal Court, Part AP-5.  The People moved to dismiss the charges and said action was summarily dismissed and sealed by the presiding judge.

29.   On March 23, 2015, Mr. Cole served a Notice of Claim upon the Comptroller of the City of New York, pursuant to § 50-e of the New York General Municipal Law.  On June 8, 2015, Mr. Cole appeared for his hearing pursuant to Section 50-h of the New York General Municipal Law.

30.   The conduct of the defendant officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, conspiracy, discrimination, fabrication of evidence, denial of equal protection of laws, denial of due process and malicious prosecution.  Such conduct violated the Plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

31.   Consequently, the Plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

9

32.   Defendant, City of New York, acting through the New York City Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that illegal warrantless searches are prevented.  Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

33.   Defendant, City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees.  In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of Plaintiff's injuries as described herein.

34.   Upon information and belief, the defendant officers were white.  The actions of defendants, acting under color of State law, deprived Plaintiff of his due process rights, remedies, privileges and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

35.   By these actions, defendants have deprived the plaintiff of rights secured by

10

treatise, ordinances, customary international law and norms, custom and usage of right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

36. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive the plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985. As a direct and proximate result of the misconduct and abuse of authority detailed above, the plaintiff sustained the damages heretofore stated.

38. By reason of the foregoing, and by seizing, arresting, detaining and imprisoning the plaintiff, without probable cause or reasonable suspicion and depriving the plaintiff of due process and equal protection of laws, defendant police officers deprived the plaintiff of his rights, remedies, privileges and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article I, § 6 (providing for due process), Article I, § 8 (guaranteeing freedom of speech), Article I, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches and seizures) of the New York Constitution.

39. In addition, defendant police officers conspired among themselves and conspired with other individuals to deprive the plaintiff of his constitutional rights secured by

Article I, §§ 5, 6, 8, 11 & 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York State Constitution. Defendants, their officers, agents, servants and employees were responsible for the deprivation of plaintiff's state constitutional rights.

41. The conduct of the defendants, as described herein, amount to false arrest, false imprisonment, trespass, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, abuse of power, fraud, negligent and intentional infliction of emotional distress and negligent hiring and retention of defendant officers. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

42. The City of New York through the Kings County District Attorney's office and it's Assistant District Attorneys, had in effect, both before and at the time of the events alleged in this complaint, at least two interrelated *de facto* policies, practices and customs, including, *inter alia,*

a. The failure to properly supervise, train, instruct, and discipline prosecutors who

12

without regard to proper investigatory techniques and adequate evidence of crimes and to
discipline those who unjustifiably prosecute or continue to prosecute persons accused of crimes
in absence of probable cause.

b.  The failure to properly supervise, train, instruct and discipline prosecutors who
conspire with police officers to conceal or not to produce evidence favorable to persons accused
of crimes.

43.  These interrelated policies, practices and customs, separately, and/or together,
were implemented with deliberate indifference and were a direct and proximate cause of Mr.
Cole's constitutional violations and injuries, as set forth above.

44.  These interrelated policies, practices and customs, separately and/or together,
were the direct and proximate cause of injury and damage to plaintiff and violated his rights as
guaranteed by the United States Constitution, as well as his statutory and common law rights, as
guaranteed by the law and Constitution of the State of New York.  The existence of these
interrelated policies, practices and customs can be inferred from numerous incidents reflecting a
pattern of police and prosecutor misconduct, like that alleged herein.

45.  The existence of these interrelated policies, practices and customs can be
inferred from the fact that the incidents of police and prosecutor misconduct alleged herein were
authorized and not terminated by individuals from the Kings County District Attorney's office,
with municipal policy making authority.

46.  All of the acts by the defendant prosecutors, employed by the City of New
York, described in the preceding paragraphs were carried out with the actual or constructive
knowledge, consent, acquiescence, ratification and/or cooperation of the highest ranking

13

members of the Kings County District Attorneys office, including, but not limited to Kings

County District Attorney Kenneth Thompson.

47.  D.A. Kenneth Thompson, as Kings County District Attorney, is by operation

of state law and as a matter of fact, the final decision maker for Kings County, with regard to the

investigative, arrest, custodial, prosecutorial and administrative acts, omissions and decisions

which he, his agents, subordinates made or participated in, as alleged above.  As a member of the

Kings County District Attorney's office with municipal policy making authority, D.A.

Thompson's ratification of said prosecutor misconduct is sufficient to infer a policy or custom of

ratifying police/prosecutor misconduct by the City of New York.

48.  These acts and omissions by D.A. Thompson directly or proximately caused

the constitutional violations and injury to the plaintiff, Theodore Cole, and are directly

chargeable to the defendant, City of New York because of D.A. Thompson's status as final

decision maker for the City with respect to matters involving the Kings County District

Attorney's Office.

49.  By the actions described above, each and all of the Defendants, jointly and

severally, have committed the following wrongful acts against the Plaintiff, which are tortious

under the laws of the State of New York:

a) malicious prosecution

b) intentional infliction of emotional distress upon the plaintiff in that the

defendants intended to and did cause the plaintiff severe emotional distress through a course of

misconduct culminating in the plaintiff's unlawful stop, frisk, seizure, detention, arrest and

prosecution for crimes that he did not commit.

14

c) Defendant's acts were outrageous in the extreme and unacceptable in civilized society.

d) Violation of other rights otherwise guaranteed to the plaintiff under the laws and Constitution of the State of New York.

The foregoing acts and conduct of the defendants were a direct and proximate cause of injury and damage to Mr. Cole and violated his statutory and common law rights as guaranteed to him by the laws and Constitution of the State of New York.

50.  The individual defendants, and other individuals who joined with them in their wrongful conduct, were at all times relevant to this cause of action, employees and agents of either the City of New York or the Kings County District Attorney's office.  Each of those defendants and persons were acting within the scope of his or her employment, and their acts and omissions, as alleged above, are therefore, directly, chargeable to the City of New York under the state law doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, THEODORE COLE, respectfully demands the following relief, jointly and severally against all of the Defendants, except that the punitive damages demanded, is not, as a matter of law, recoverable against a municipality and therefore are not made against the City of New York:

A)   For compensatory damages against all defendants in an amount to be proven at trial;

B)   For exemplary and punitive damages against all defendants in an amount to be proven at trial;

15

C)      A court order pursuant to 42 U.S.C. § 1988, that the Plaintiff is entitled to

the cost involved in maintaining this action and reasonable attorneys' fees;

D)      For such other and further relief as the Court deems proper.


## **DEMAND FOR A JURY TRIAL**

A jury trial is hereby demanded on each and every count of the causes of action as

pled herein.

NEW YORK, NEW YORK
June 17, 2016


_____
LESLIE JONES THOMAS, ESQ.
*Attorney for Plaintiff, Theodore Cole*
305 Broadway, Suite 1001
New York, NY 10007
(212) 385-4840 (o)
(212) 385-4844 (fax)
Email: Lthomas299@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THEODORE COLE,

                                        Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY OF DEPARTMENT,
POLICE OFFICER JAMES BERK and JOHN DOE #1 - 9 (the names
John Doe being fictitious, as the true names are presently unknown) and
ADAs JOHN, JANE/DOE (the names John/Jane Doe being fictitious, as
the true names are presently unknown).

                                        Defendants.

## COMPLAINT

**LESLIE JONES THOMAS, ESQ.**
*Attorney for Plaintiff, Theodore Cole*
**305 Broadway, Suite 1001**
**New York, NY 10007**
**(212) 385-4840 (o)**
**(212) 385-4844 (fax)**
**Lthomas299@aol.com**

TO:

Service of a Copy of the within is hereby admitted.

    Dated: _____

           *Attorneys for*